IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Daniel Alexander Brown,                )
                                       )
                  Plaintiff,           )
                                       )        Civil Action No. 6:26-cv-1447-BHH
v.                                     )
                                       )        **ORDER**
Cindy Crick,                           )
                                       )
                  Defendant.           )
_____ )

This matter is before the Court upon Plaintiff Daniel Alexander Brown's ("Plaintiff")

*pro se* complaint filed pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff is a pretrial

detainee at the Greenville County Detention Center, and he seeks injunctive relief in

connection with his pending state criminal charges.  In accordance with 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States

Magistrate Judge for preliminary review.

On April 29, 2026, Magistrate Judge Kevin F. McDonald issued a report and

recommendation ("Report"), outlining the issues and recommending that the Court

summarily dismiss Plaintiff's complaint with prejudice, without leave to amend, and without

issuance and service of process.  (ECF No. 9.)  In the Report, the Magistrate Judge

recommends that this Court abstain from interfering with Plaintiff's pending state criminal

charges pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  As the Magistrate Judge

explained, *Younger* abstention is appropriate because Plaintiff's underlying criminal

proceedings are ongoing; the State of South Carolina has an interest in administering its

criminal justice system free from this Court's interference; and Plaintiff can raise his

constitutional concerns in his pending criminal proceedings.  (*Id.* at 4.)  Additionally, the

Magistrate Judge found that Plaintiff's complaint is subject to summary dismissal for failure to state a claim because Defendant Cindy Crick is entitled to prosecutorial immunity, as prosecutors have absolute immunity from civil liability for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. (*Id.* at 5 (citing cases).) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed timely objections to the Magistrate Judge's Report. (ECF Nos. 11, 13.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff asserts that *Younger* abstention is not appropriate in this case under the Dumbrowski doctrine, and he contends that the state criminal proceedings against him were brought in bad faith and have no chance of success. (ECF Nos. 11 and 13 at 1.) According to Plaintiff, he was charged with murder even though witnesses identified a different person as the perpetrator, and he attaches Greenville City Police Department reports in support of his argument. (*Id.* at 1-5.)

After *de novo* review, the Court finds Plaintiff's objections unavailing. As an initial matter, Plaintiff fails to point to exceptional circumstances that present the possibility of

2

irreparable harm to warrant this Court's intrusion into pending state criminal charges, as South Carolina has a strong interest in administering its criminal justice system free from federal interference, and Plaintiff remains free to raise his instant claims within his state criminal proceedings.   Thus, the Court finds that *Younger* abstention is appropriate. Additionally, nowhere in Plaintiff's objections does he respond to the Magistrate Judge's findings as to prosecutorial immunity.  As the Magistrate Judge correctly noted, even aside from *Younger*, Plaintiff's complaint is subject to dismissal because Defendant is entitled to prosecutorial immunity, and Plaintiff's bare assertion that his rights under *Brady* have been violated is insufficient to overcome the immunity afforded to Defendant.

**For the foregoing reasons, therefore, the Court overrules Plaintiff's objections (ECF Nos. 11, 13); the Court adopts the Magistrate Judge's Report (ECF No. 9); and the Court dismisses this action with prejudice, without leave to amend, and without issuance and service of process for failure to state a claim.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 8, 2026
Charleston, South Carolina